UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CECILIA DOUGLASS, an individual, on
behalf of herself and those similarly situated,

                        Plaintiff,

          vs.

FORSTER & GARBUS, LLP, a
New York limited liability partnership,

                        Defendant.
_____

**CLASS ACTION
COMPLAINT**

Civ. No.

Trial by Jury is Demanded

       Plaintiff, CECILIA DOUGLASS (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, FORSTER & GARBUS, LLP (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

## PRELIMINARY STATEMENT

       1.     PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*  DEFENDANT intentionally and systematically sends collection letters to consumers that do not disclose that their account balance is increasing due to interest and fees, when such account balances are increasing due to interest and fees.

## JURISDICTION AND VENUE

       2.     The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

       3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Western District of New York.

## PARTIES

4.      PLAINTIFF is a natural person residing in Rochester, New York.

5.      PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6.      PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7.      DEFENDANT was formed in New York, the principal purpose of whose business is the collection of debts, with a principal place of business at 60 Motor Parkway, Commack, New York, 11725.

8.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9.      PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10.     On or about June 22, 2016, DEFENDANT sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt, a true and correct copy of which is attached hereto as **Exhibit 1**.

11.     This letter states that the balance on PLAINTIFF's account is $8,586.13.  *Id.*

12.     This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees.  *Id.*

13.     On or about July 5, 2016, PLAINTIFF called DEFENDANT and had a telephonic conversation with one of its representatives, at which point DEFENDANT informed PLAINTIFF that her current account balance was $8,643.00.

14.     Upon information and belief, the increase in PLAINTIFF's account balance is due to the addition of interest and/or fees.

## CLASS ACTION ALLEGATIONS

15.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 14 inclusive, above.

16.     PLAINTIFF brings this claim individually and on behalf of all others similarly situated for the purpose of asserting the claim alleged in this Complaint on a common basis. PLAINTIFF's proposed class is defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following class:

    a.  A class consisting of consumers who:

        i.  Reside in New York; and

        i.  Within one year prior to the filing of this action;

        ii.  Received a collection letter from DEFENDANT;

        iii.  Which did not disclose that the balance would increase due to interest and fees;

        iv.  When the consumer's balance was increasing due to interest or fees.

17.     PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information.  Because the letter is a form letter, PLAINTIFF believes that the class includes between 10,000 and 20,000 individuals whose identities can be readily determined from DEFENDANT's business records.  Therefore, the proposed class is so numerous that joinder of all members is impracticable.

18.     All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class.

These questions include, but are not limited to:

    a.  Whether DEFENDANT's letter did not disclose that the balance would increase due to interest and fees, when the balance was increasing due to interest and fees;

    b.  The identities of individuals who received a substantially similar collection letter from DEFENDANT; and

    c.  The total number of collection letters that DEFENDANT mailed to consumers.

19.    PLAINTIFF's claims are typical of the claims of the class and do not conflict with the interests of any other class members.  PLAINTIFF and the members of the class were uniformly subjected to the same conduct.

20.    Upon information and belief, DEFENDANT has a practice and policy of intentionally sending collection letters which do not state that the balance is increasing due to interest and fees, when such account balance is increasing due to interest and fees.

21.    PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits.  PLAINTIFF's counsel, Alexander J. Douglas, also has experience in advising debt collectors on defending FDCPA claims.

22.    PLAINTIFF is committed to vigorously pursuing her claims.

23.    A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA.  *See* 15 U.S.C. § 1692k.  The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would also create the risk of

inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

24.     A class action regarding the issues in this case does not create any problems of manageability.

25.     If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF

**VIOLATIONS OF THE FDPCA 15 U.S.C. § 1692e**
**BROUGHT BY PLAINTIFF INDIVIDUALLY AND**
**ON BEHALF OF THE CLASS**

26.     PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27.     A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

28.     15 U.S.C. § 1692e "requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016).

29.     On or about June 22, 2016, DEFENDANT sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt.  Ex. 1.

30.     This letter states that the balance on PLAINTIFF's account is $8,586.13. *Id.*

31.     This letter does not disclose that PLAINTIFF's balance may increase due to the addition of interest and fees. *Id.*

32.     On or about July 5, 2016, PLAINTIFF called DEFENDANT and had a telephonic conversation with one of its representatives, at which point DEFENDANT informed PLAINTIFF that her current account balance was $8,643.00.

33.     Upon information and belief, the increase in PLAINTIFF's account balance is due to the addition of interest and/or fees.

34.     By not disclosing that the account could increase due to the addition of interest and fees, DEFENDANT violated 15 U.S.C. § 1692e.  *See Avila,* 817 F.3d at 74.

35.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

36.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

37.     Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF's favor, and on behalf of the class, and that judgment be entered against DEFENDANT for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     For disgorgement of all of DEFENDANT's revenues obtained through use of the

        letter at issue;

(5)     For reasonable attorneys' fees for all services performed by counsel in connection

        with the prosecution of these claims;

(6)     For reimbursement for all costs and expenses incurred in connection with the

        prosecution of these claims; and

(7)     For any and all other relief this Court may deem appropriate.

Dated: Rochester, New York.
        July 14, 2016

                                Respectfully Submitted,

                                **GESUND & PAILET, LLC**


                                /s/ Alexander J. Douglas

                                ALEXANDER J. DOUGLAS
                                New York Bar No. 5343892
                                11 Alger Dr.
                                Rochester, NY  14624
                                Tel: (585) 703-9783
                                Fax: (504) 265-9492
                                alex@gp-nola.com
                                *Attorney for Plaintiff*