UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CECELIA DOUGLASS,

          Plaintiff,                      DECISION AND ORDER
                                                   16-CV-6487

vs.

FORSTER & GARBUS LLP,

          Defendant.

_____

APPEARANCES

| | |
|---|---|
| For Plaintiff: | Alexander Jerome Douglas, Esq.<br>Gesund and Pailet<br>11 Alger Drive<br>Rochester, NY 14624<br>(585) 703-9783 |
| For Defendant: | Robert L. Arleo, Esq.<br>380 Lexington Avenue<br>17th Floor<br>New York, NY 10168<br>(212) 551-1115 |

**INTRODUCTION**

    **Siragusa, J.** This is a Fair Debt Collection Practices Act ("FDCPA" or "Act") case in which the parties dispute whether the debt collection letter attached to the complaint and sent to Plaintiff violates the rule set out in *Avila v. Riexinger & Assoc., LLC*, 817 F.3d 72, 76 (2d Cir. 2016) ("we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.").

Before the Court is Defendant's amended motion for judgment on the pleadings, ECF No. 6, Plaintiff's response with an affidavit adding new facts, ECF No. 9, and Defendant's request to have the Court treat the motion under Rule 56 as one for summary judgment, ECF No. 11. Pursuant to Rule 12(d), the Court will consider the affidavit submitted by Plaintiff, and treat Defendant's motion as one for summary judgment. In a Memorandum Order entered on August 18, 2016, the Court converted the motion to one for summary judgment and set a briefing schedule. Now having read the papers submitted by counsel and having heard oral argument, the Court denies Defendant's application for summary judgment.

## BACKGROUND

The facts are taken from the parties' submissions pursuant to L.R. Civ. P. 56. Any issues of fact will be noted.

Plaintiff Cecelia Douglass ("Douglass") is a consumer as defined in the FDCPA and owes a past consumer debt as defined in the Act. Defendant Forster & Garbus, LLP ("Forster"), is a debt collection business. On or about June 22, 2016, Forster sent a form collection letter to Douglass in an attempt to collect a consumer debt and in the letter stated the balance owed was $8,586.13. Douglass was a defendant in a lawsuit commenced in 2010 against her in State court by Discover Bank. The State court entered a default judgment against Douglass in the amount of $10,543.24 in April 2011. Douglass denies any knowledge of the lawsuit since she does not recall receiving any notice of it, or the income execution.

Forster asserts that Discover Bank obtained an income execution to recover the judgment with interest and fees and that Douglass' employer was served with the income execution and Douglass was sent a copy. Douglass disputes this, citing the lack

2

of proof submitted on this motion to show that the income execution was served, and disputing she was employed at the time. Douglass contends she retired from her position at the Rochester Psychiatric Center on or about April 21, 2011, and did not obtain new employment until June 2012.

Forster contends that Douglass' employer made 42 wage installment garnishments against Douglass' salary (the total amount of which is not specified in Douglass' Rule 56 statement). Douglass adds that she did not know Discover Bank or of Forster were continually adding interest to her account and that she called Forster around July 5, 2016, and an employee of Forster told Douglass that the current balance on her debt was $8,643.00.

## STANDARD OF LAW

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* holding applies to all complaints, not just those sounding in antitrust). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by affording the litigant "special solicitude, interpreting the complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

**DISCUSSION**

Douglass filed what she entitled as a class action complaint against Forster on July 14, 2016. ECF No. 1. In it, she makes one claim for relief: Forster violated 15 U.S.C. § 1692e by failing to disclose that Douglass' debt could increase due to the addition of interest and fees. She seeks actual and statutory damages for herself, statutory damages for the alleged class, and attorney fees. This case has not yet been certified as a class action. Consequently, the Court will only address Douglass' individual claim.

In its original memorandum in support of its motion for judgment on the pleadings, Forster argued that Douglass' receipt of a judgment income execution and 42 wage garnishments, made her well aware that her debt could increase due to interest and costs, and argued against a strict application of the holding in *Avila*, which Forster contended would lead to an absurd result. In a subsequent memorandum filed after the Court converted the motion, Forster argues it has submitted proof that Douglass did receive notice of the lawsuit, and that her deposition testimony further demonstrates that strict application of *Avila* would constitute an absurd result.

**The holding in Avila**

Douglass in her memoranda of law, ECF No. 9 & ECF No. 18, argues that Forster's collection letter, mailed to her on or about June 22, 2016, *see* Compl. Ex. 1, indicated a balance due as of June 22, 2016, of $8,586.13. Compl. Ex. 1. In an affidavit, Douglass stated that in response to receiving the letter from Forster, she telephoned Forster's offices about July 5, 2016, and was told her balance was $8,643.00. Douglass Aff. ¶ 3, Aug. 8, 2016, ECF No. 9-2. She claimed she did not know that Forster or the creditor had been continually adding interest to her account. *Id.* ¶ 4. She then contacted the New York Office of the State Comptroller and found out Forster had garnished more

than $6,000. Thinking that the original debt was about $10,000, she became concerned that Forster had miscalculated the amount. *Id.*

Section 1692e of the FDCPA states in pertinent part as follows: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692g(a) (2006). In *Avila v. Riexinger & Associates, LLC*, No. 13 CV 4349 RJD LB, 2015 WL 1731542 (E.D.N.Y. Apr. 14, 2015), *aff'd in part, vacated in part,* 817 F.3d 72 (2d Cir. 2016), and *aff'd in part, vacated in part,* 644 F. App'x 19 (2d Cir. 2016), at the district court, the defendant successfully argued that a debt collection letter did not need to disclose that the amount of debt will increase over time due to interest or fees. *Avila*, 2015 WL 1731542, at *6. However, the Second Circuit disagreed and held the defendant strictly liable for failing to include that notice in its collection letter.

In *Avila,* the Second Circuit answered the question of "whether the sending of a collection notice that states a consumer's 'current balance,' but does not disclose that the balance may increase due to interest and fees, is a 'false, misleading, or deceptive' practice prohibited by Section 1692e" in the affirmative *Id.* at 75. Specifically, the Second Circuit wrote:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date. Like the *Miller* court, we do not hold that a debt collector must use any particular disclaimer. Using the language set forth in *Miller* will qualify for safe-harbor treatment, as would the language suggested in *Jones*, 755 F. Supp. 2d at 397 n.7, which may be preferable to the extent it advises the consumer of the specific rate of increase in the debt over

time.[1] Moreover, a debt collector who is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date could considerably simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional [**11] interest or fees if payment is not received by that date.

*Avila*, 817 F.3d at 77. This decision was published on March 22, 2016, a little less than four months before this lawsuit was filed, and exactly three months before Forster sent out its collection letter in this case. The letter Forster sent to Douglass, dated June 22, 2016, does not contain the notice required by the Second Circuit. Strictly applying *Avila* results in a finding of liability.

Forster urges the Court to look to other evidence to show that Douglass had constructive knowledge that interest and fees were being added, relying primarily on the judgment and income execution. However, as the Second Circuit pointed out in an earlier decision, *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 228 (2d Cir. 2015), it found "no reason to believe that Congress did not intend the FDCPA to offer broad protection to debtors or that a debt collector's failure to provide the required § 1692g notice should be excused as no more than a *de minimis* violation, one from which the Act would not protect consumers." In light of its decisions in *Hart* and *Avila*, the Court does not believe the Second Circuit would entertain Forster's arguments that any failure to include the information missing from its letter was merely a *de minimis* violation, or unnecessary in light of Douglass' understanding of the underlying debt, as discussed during her deposition testimony.

---

[1] In a footnote, the Second Circuit wrote: "The Jones court's proposed language was: 'As of today, [date], you owe $  . This amount consists of a principal of $  , accrued interest of $  , and fees of $  . This balance will continue to accrue interest after [date] at a rate of $   per [day/week/month/year].' 755 F. Supp. 2d at 397 n.7." *Avila*, 817 F.3d at 77 n.2.

In the present case, Forster's failure to indicate in its letter that interest and fees would continue accruing beyond the date of the letter constituted a false, deceptive, or misleading representation or means in connection with the collection of a debt. With a tear-off portion below the letter, pre-addressed to Forster, the letter implies that a payment of $8,586.13 will settle the debt, but does not, unlike the "safe harbor" discussed in *Avila*, explicitly state that it will. The Second Circuit's decision is crystal clear and the letter send to Douglass violates the statute. The decision in *Avila* does not suggest that were a debt collector able to prove that the information was made available to the debtor in some other fashion, then a debt collection letter failing to meet the *Avila* requirements would not be in violation of § 1692e.

## CONCLUSION

In light of the foregoing, Forster's motion for judgment on the pleadings, which the Court has converted to a motion for summary judgment, ECF No. 6, is denied. The Clerk is directed not to enter judgment or close the case as Douglass has not moved for judgment.

DATED:   October 26, 2016
         Rochester, New York

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge