UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x      16-CV-06487 (CJS)(MWP)

CECILIA DOUGLASS, an individual, on behalf of
herself and those similarly situated,


                           Plaintiff

      -against-


FORSTER & GARBUS, LLP, a New York limited
partnership,


                          Defendant

-------------------------------------------------------------------x


                    DEFENDANT'S MEMORANDUM IN SUPPORT
                    OF OPPOSITON TO MOTION TO COMPEL



                                              ROBERT L. ARLEO, ESQ. P.C.
                                              Attorney for the Defendant
                                              380 Lexington Avenue, 17th Fl.
                                              New York, New York  10168
                                              (212) 551-1115

## PRELIMINARY STATEMENT

Forster & Garbus, LLP, the Defendant named in the herein action, files the herein Memorandum of Law in support of its opposition to the Plaintiff's motion to compel discovery (Doc. No. 31). Therein, the Plaintiff seeks to compel the Defendant to respond to interrogatory inquiries which seek to learn; 1) the number of persons who received a letter which did not state that interest was accruing on a debt balance wherein interest was accruing and; 2) the net worth of the Defendant and how that amount was calculated.

On November 6, 2016, the Defendant filed a motion to strike the class allegations set forth in the Plaintiff's Complaint (Doc. No. 30). On November 7, 2016, the Court set a briefing schedule (Doc. No. 32). On November 8, 2016, the Defendant filed an amended motion to strike the class allegations (Doc. N. 33). On November 11, 2016 the Plaintiff filed her opposition to the Defendant's amended motion to strike the class allegations (Doc. No. 34). On November 15, 2016, the Defendant filed its response to the Plaintiff's opposition (Doc. No. 36).

Pursuant to the local rules of this Court, a plaintiff must move for class certification within 120 days after filing a Complaint. For the reasons set forth below, the Defendant respectfully requests that the Court stay the 120 day deadline and further stay the Plaintiff's motion to compel pending a ruling upon the Defendant's amended motion to strike the class allegations set forth in the Complaint. The Defendant should not have to divulge private information regarding its business practices and finances to a consumer who has no real interest in pursuing class certification and is simply abusing the class action mechanism to bludgeon an unjustified individual settlement.

ARGUMENT

Fed. R. Civ. P. 26(c) allows a court, for "good cause" and in favor of "any person from whom discovery is sought," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Once a party has demonstrated good cause, a district court has considerable discretion to stay discovery pursuant to Rule 26(c). *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 U.S. Dist. LEXIS 78476 (S.D.N.Y.).

The filing of a dispositive motion does not automatically constitute good cause for a stay of discovery. *Alford v. City of New York,* 2012 U.S. Dist. LEXIS 37876 (E.D.N.Y.). Rather, "a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance, Ltd.,* 297 F.R.D. 69, 72 (S.D.N.Y. 2013). In deciding whether or not to stay discovery, Courts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay. *ITT Corp. v. Travelers Cas. & Sur. Co.,* 2012 U.S. Dist. LEXIS 100033 (D. Conn.) *Hong Leong Fin. Ltd.,* 297 F.R.D. at 72.

Courts have routinely held that a stay of discovery is appropriate "pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law." *Johnson v. New York Univ. Sch. of Educ.,* 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks omitted); see also *Computer Assocs.*

*Int'l, Inc. v. Simple.com, Inc.,* 247 F.R.D. 63, 68-69 (E.D.N.Y. 2007) ("Under Rule 26, courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order.").

The Court is referred to the Defendant's motion to strike the class allegations, the Plaintiff's Memorandum of Law in opposition thereto, and the Defendant's Memorandum of Law in response thereto. The motion filings demonstrate that there are substantial grounds to strike the class allegations set forth in the Plaintiff's Complaint. The motion to strike the class allegations is effectively dispositive as the Court has denied the Defendant's motion for summary judgment and believes that the ruling in *Avila v. v. Riexinger & Assocs., LLC* 817 F.3d 72 (2d Cir. 2016) supports a finding that the Defendant violated the FDCPA. The Defendant respectfully disagrees with the Court's opinion based upon the particular circumstances of the Plaintiff's judgment balance. Thus, as the Court has made clear that judgment will be entered for the Plaintiff on the issue of FDCPA liability, the granting of the Plaintiff's motion to strike the class allegations will effectively end this case (of course, the Defendant does not waive its right to appeal the Court's opinion regarding the perceived violation of the FDCPA).

A court may stay discovery pending resolution of a motion to strike class allegations. *Blagman v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 69178 (S.D.N.Y.). The Plaintiff's motion to compel is nothing more than an annoyance and an undue burden to the Defendant as the Plaintiff has no real interest in pursuing class certification. As demonstrated by the filings related to the Defendant's amended motion to strike the class allegations, the particular circumstances and posture of the herein action supports the Defendant's request to stay the Plaintiff's motion to compel.

The pending motion to strike the class allegations provides good cause for this Court to grant the herein motion to stay pending a decision by the Court in conjunction with the motion to strike. Furthermore, the Plaintiff cannot sincerely argue that she will be prejudiced by granting the stay requested herein. If the Court denies the motion to strike the class allegations, then the Defendant will provide the information sought in her motion to compel. However, based upon the briefing of the Defendant's motion to strike the class allegations, the Defendant believes that the Court has more than substantial grounds to grant the motion to strike.

## CONCLUSION

For the reasons set forth heretofore herein the Defendant respectfully asks the Court to stay the Plaintiff's motion to compel pending a decision in regard to the Defendant's motion to strike the class allegations and to further stay the local rule regarding the 120 time period to move for class certification.

DATED: New York, New York
         November 15, 2016

                                      Respectfully submitted,

                                      */ s /  Robert L. Arleo*
                                      ROBERT L. ARLEO